

# NUMBER 13-14-00051-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| **Blanca Petty,** | **Appellant,** |

**v.**

| | |
|---|---|
| **John K. Petty,** | **Appellee.** |

### On appeal from the 329th District Court of Wharton County, Texas.

# ORDER

### Before Chief Justice Valdez and Justices Rodriguez and Longoria
### Order Per Curiam

Appellant, Blanca Petty, filed an affidavit of indigence in the trial court. A contest to the affidavit was filed, and on February 4, 2014, the trial court conducted a hearing on the contest to appellant's indigence affidavit. At the conclusion of the hearing, the trial court sustained the contest and denied appellant's request for indigence status. Appellant filed her motion with this Court seeking review of the indigence issue on February 17, 2014, which

we denied as untimely by our order of March 11, 2014.  *See* TEX. R. APP. P. 20.1(j)(2).   On March 17, 2014, appellant filed a motion to reconsider our ruling in that order.

Upon further review and consideration of the record, the Court is of the opinion that appellant's motion for reconsideration should be GRANTED.   Although the trial court issued an initial order sustaining the contest to appellant's application on February 4, 2014, it appears from further review of the record that the trial court's final order sustaining the contest was entered on February 10, 2014.   Thus, appellant's February 17, 2014 motion seeking review of the trial court's order was timely.   *See id.* (providing that "if the trial court sustains a contest, the party claiming indigence may seek review of the court's order by filing, within ten days of the order sustaining the contest, a motion with the appellate court challenging the order without advance payment").   That motion was then GRANTED by this Court by operation of law on February 27, 2014.   *See id.* at R. 20.1(j)(4) ("If the appellate court does not deny the motion within 10 days after it is filed, the motion is granted by operation of law.").

The Court, having fully examined and considered the available appellate record regarding the indigence matter, is of the opinion that appellant has established her indigence.   Appellant is therefore entitled to an appellate record without prepayment.   *See id.* at R. 20.1(k).

IT IS SO ORDERED.

PER CURIAM

Delivered and filed the
2nd day of April, 2014.